UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-41214
Summary Calendar
_____


JOHN JULIAN DAYSE,

Plaintiff-Appellant,

versus

JIMMY ALFORD; UNKNOWN CASKEY; D. POSTON;
UNKNOWN JEFFCOAT; UNKNOWN GALLOWAY;
KERRY W. RASPBERRY, Dr.,

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Eastern District of Texas
(6:93-CV-505)
_____

October 27, 1997
Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

John Julian Dayse, Texas state prisoner #498384, appeals from the district court's grant of summary judgment to the defendants in his civil rights suit. Dayse argues that defendant Dr. Raspberry was deliberately indifferent to his serious medical needs by

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

failing to schedule follow-up examinations ordered by pulmonary specialists at the University of Texas Medical Branch Hospital in Galveston, Texas.

The legal conclusion of deliberate indifference must rest upon facts clearly evincing wanton actions on the part of the defendant. *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir. 1985). A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and [he] disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). To prevail, Dayse must prove facts which, if true, would "clearly evince the medical need in question and indicate that the denial of treatment was much more likely than not to result in serious medical consequences, and additionally that the defendant[] had sufficient knowledge of the situation so that the denial of medical care constituted wanton disregard of the prisoner's rights." *Johnson*, 759 F.2d at 1238.

Because Dr. Raspberry met his burden of establishing the absence of a genuine material fact, Dayse was required to produce evidence to show the existence of a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Dayse has not met this burden. Dayse failed to offer any competent evidence to rebut Dr. Raspberry's summary judgment motion.

Accordingly, the judgment is AFFIRMED for essentially the reasons stated by the district court. *See Dayse v. Alford*, No.

2

6:93cv505 (E.D. Tex. Nov. 12, 1996).